CHANCERY.

Case 76.

June 14.

Sale to Gilleland by Stephenson.

Bond for the land assigned Ballard, and judgment at law recovered.

Bill for injunction by Stephenson.

Allegations and prayer of the bill.

# Ballard vs. Stephenson.

Error to the Hardin circuit; PAUL I. BOOKER, Judge.

*Rescission of Contracts. Improvements. Rents. Assignments. Equity.*

Judge OWSLEY delivered the opinion of the court.

STEPHENSON sold two hundred acres of land to Gilleland, received forty or fifty dollars of the sale money, took Gilleland's note for the residue of the price, and executed his bond to Gilleland for a conveyance of the title.

The bond for a conveyance was afterwards assigned by Gilleland to Ballard, who brought suit at law upon it against Stephenson, and recovered judgment against him for four hundred and forty dollars, that being the amount of the price which was contracted to be paid by Gilleland for the land, and interest thereon.

To be relieved against that judgment, Stephenson exhibited his bill in equity, with injunction, making both Gilleland and Ballard defendants thereto.

After setting out the contract for the land, and charging that but fifty dollars of the price had been paid by Gilleland, he alleges, that before the bond for a conveyance, upon which the judgment at law was recovered, was assigned to Ballard, the contract about the sale of the land had been cancelled between him and Gilleland, and that the land has been occupied by Gilleland, and Ballard claiming under him, for several years; a reasonable compensation for the occupation and use of which he claims against them, and prays not only that the judgment at law be perpetually enjoined, but also that a decree

for the rent of the land be granted him, together BALLARD
with such further relief as the nature and equity of $\overset{\text{vs.}}{\text{STEPHENSON.}}$
his case may demand, &c.

Gilleland protests against any decree being made Gilleland's
against him; but his answer contains nothing of any answer.
advantage to either of the other parties, and need
not be further noticed.

Ballard professes to know nothing of the contract Ballard's an-
having been cancelled, as charged in the bill; states swer and
that he purchased and obtained from Gilleland, for $\overset{\text{cross bill a-}}{\text{gainst Ste-}}$
a full consideration, the assignment of Stephenson's phenson.
bond for a conveyance; alleges that the land, whilst
in a state of nature, was taken possession of by Gil-
leland, under his purchase from Stephenson, and that
valuable and lasting improvements have been since
put upon the land, by him and Gilleland. He
moreover insists, that if he be liable for rents, his
liability should be measured by its value, clear of
the improvements, which have been put upon the
land by him and Gilleland, and he prays for a de-
cree against Stephenson for the value of the im-
provements, &c.

The circuit court sustained Stephenson's bill, de- Decree of the
creed a perpetual injunction against the judgment circuit court.
recovered by Ballard at law, and dismissed Ballard's
cross bill, without prejudice to any other suit, and
decreed cost in favor of Stephenson.

With respect to the alleged cancelment of the con- Cancelment
tract of sale, the case is free from all difficulty or $\overset{\text{of the con-}}{\text{tract.}}$
doubt. The evidence contained in the record, satis-
factorily proves, that before the bond was assigned
by Gilleland to Ballard, the contract between him
and Stephenson, in relation to the sale of the land
by the latter to the former, had, by their mutual
consent, been abandoned, and was to be cancelled
and held for nought, so that if the case turned ex-
clusively upon the cancelment of that contract, we
should have no hesitation in sustaining the decree
perpetuating the injunction against the judgment at
law.

But the evidence in the cause goes also to prove, It seems that
that lasting and valuable improvements were put the assign-

BALLARD
vs.
STEPHENSON.

ment of a
bond for the
conveyance
of land, made
after the can-
celment of
the contract
between obli-
gor and obli-
gee, confers
on the assign-
ee the right
to recover for
the improve-
ments obligee
had made on
the premises.

Payment for
the improve-
ments by the
obligee to the
obligor, made
after his no-
tice of the as-
signment, in
such case,
will be no de-
fence to the
claim of the
assignee.

If, in such
case, the as-
signee obtain
a judgment
for an alleged
breach in the
covenant to
convey for
the nominal
amount of
the consider-
ation money
and interest,

upon the land by Gilleland before the contract was
agreed between him and Stephenson to be cancelled,
and that, by the agreement to cancel the contract, it
is also proved that Stephenson was to pay for the
improvements according to their value; so that it
becomes necessary to enquire whether, as the assign-
ee of Stephenson's bond to convey the land, Ballard
is not entitled beneficially to the compensation for
the improvements, and whether or not, as he has
recovered judgment at law upon Stephenson's bond,
he ought to be deprived of that legal advantage in
a court of equity, without compelling Stephenson
to do equity in paying for the improvements.

That Ballard is entitled to whatever compensa-
tion Gilleland had any just right to claim for the
improvements, admits of no serious doubt. His
right is not only inferable from the assignment
which he holds of Stephenson's bond from Gille-
land, but the proof is clear, that, by the contract be-
tween Gilleland and Ballard, the latter was to have
the benefit of all claim for improvements which
the former had against Stephenson.

There is, it is true, some evidence conducing to
show, that Stephenson and Gilleland have adjusted
and settled the claim for improvements; but from
the whole complexion of the evidence, it is quite ev-
ident, that if such a settlement has been made, it
must have taken place after Stephenson knew that
Ballard was beneficially entitled to compensation for
the improvements, and of course the interest of
Ballard cannot have been affected by such a settle-
ment.

Entitled, therefore, to pay for the improvements,
it is equally clear, that until justice is done to Bal-
lard in that respect, Stephenson should not have the
assistance of a court of equity in his favor, against
the judgment recovered at law by Ballard. It is a
maxim with courts of equity, as old as courts of
chancery, and founded on the immutable principles
of natural justice, that he that will have equity
done to him, must do equity to the same person:
Francis' Maxims, Eq. 2. The propriety of the ap-
plication of this maxim to the present case, is pecu-

liarly striking. Stephenson claims to be relieved against a judgment, which has not only been recovered by Ballard at law, but it was recovered by him upon a bond given by Stephenson for the conveyance of the very land upon which the improvements were made; and not only so, but the improvements were made under the contract, in pursuance of which the bond was executed, and that bond was afterwards assigned to Ballard with the understanding that he was to be entitled to the improvements.

Instead, therefore, of decreeing a perpetual injunction against the judgment at law, the court should, through the intervention of a commissioner appointed for that purpose, have ascertained the value of the improvements which were put upon the land, after it was sold by Stephenson to Ballard, and before the cancelment of that contract by them. The commissioner should also have been directed to ascertain the annual rent of the land, from the time the contract was canceled, in its then state of improvement, up to the time of taking the account, if at that time the land should be in the possession of Ballard; but if he should be not then possessed, the charge for rent should cease running at the time he quit the possession. He should also have been directed to ascertain the value of such improvements as have been put upon the land by Ballard. The improvements made by Ballard, should have been then directed to be deducted from the amount of rents, and if any balance of rents remained, that balance deducted from the value of the improvements made upon the land before the contract of cancelment; and if any balance of the value of the improvements remained, the injunction for so much should have been dissolved, and for the residue of the judgment, if any remained, the injunction should have been perpetuated.

The decree must be reversed, with cost; the cause remanded to the court below, and such proceedings there had as may not be inconsistent with the principles of this opinion, and the usages of equity.

*Hardin* for plaintiff; *Darby* for defendant.

---

**Margin notes:**

BALLARD
vs.
STEPHENSON.

and the obligor come with his bill alleging and shewing the prior cancelment of the contract, he must pay the balance of the improvements, after deducting the rents.

Complainant must do equity before he can ask it.

Mandate.